IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03190-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

KEVIN ROMER,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

This matter comes before the Court due to Defendant's noncompliance with court orders and failure to defend this action by failing to participate in the Rule 26(f) conference, to appear at the Scheduling Conference held on May 13, 2014, and to respond to this Court's order to show cause. The Court warned the Defendant that it would recommend entry of default for such failures. Accordingly, this Court respectfully recommends that the District Court enter default against Defendant Kevin Romer as follows.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United*

Plaintiff filed this action against a John Doe Defendant on November 21, 2013. Docket # 1. Plaintiff then filed an Amended Complaint, naming Kevin Romer as a Defendant, on March 20, 2014. Docket # 14. The Clerk of Court issued a summons for service of the Amended Complaint on the Defendant. Docket # 15. On March 20, 2014, the Court set a scheduling conference for May 13, 2014 (docket # 16) and, the following day, granted Plaintiff an extension of time within which to serve Defendant (docket # 20). The Court also ordered the parties to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f). Docket #16. Defendant was properly served on April 16, 2014. Docket # 24.

Plaintiff's counsel appeared at the Scheduling Conference on May 13, 2014 and informed the Court that Defendant did not participate in the required Rule 26(f) conference and provided no input for the proposed Scheduling Order. Docket # 25. Plaintiff's counsel also informed the Court that Defendant has failed to respond to his letters and telephone calls. Accordingly, the Court issued an Order Directing Defendant to Show Cause for Failure to Appear on May 13, 2014. Docket # 26. The Court ordered Defendant to respond on or before June 2, 2014 (*id.*); however, the Court later determined that the record did not reflect that the order was specifically mailed to the Defendant. Thus, on May 28, 2014, the Court issued an order for a certificate of service demonstrating that the Order to Show Cause was mailed to the Defendant and extended the deadline for response to June 16, 2014. Docket #27. At this time, the Defendant has filed no response nor any other documents with the Court.

The Federal Rules of Civil Procedure give a district court ample tools to deal with

---

*States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). "Default must enter against a party who fails to appear or otherwise defend a lawsuit." *U.S. ex rel. Volvo Const. Equipment Rents, Inc. v. Watts Constructors*, *LLC*, 2013 WL 673733, at *1 (D. Colo. Feb. 22, 2013) (citing Fed. R. Civ. P. 55(a)).

While, typically, the Clerk of the Court will enter default upon a party's failure to defend (*see* Rule 55(a)), the Court may sanction a party for the party's failures to comply with Rule 16, which states in pertinent part:

(f) Sanctions.

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A), in turn, lists a number of sanctions the Court may impose for a party's failure to obey a discovery order, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Accordingly, the Court finds it is both authorized and justified in recommending entry of default for Defendant's failures listed herein.

Based on the foregoing, and the entire record, I do respectfully RECOMMEND that the District Court **enter default** in Plaintiff's favor against Defendant Kevin Romer for Defendant's failure to comply with court orders and defend this action by failing to participate in the Rule 26(f)

conference, failing to appear at the Scheduling Conference held on May 13, 2014, and failing to respond to this Court's order to show cause.

Dated at Denver, Colorado, this 24th day of June, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge